UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TBF FINANCIAL, LLC, an Illinois limited
liability company,

        Plaintiff,

                                CASE NO. 14-CV-11495
v.                               HONORABLE GEORGE CARAM STEEH

MARC DROUILLARD, an individual, and
EXECUTIVE INSTALLATIONS, INC., a
Michigan corporation, jointly and severally,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
ALTERNATE SERVICE (DOC. #6), EXTENDING
TIME TO SERVE SUMMONS AND VACATING
ORDER TO SHOW CAUSE (DOC. # 5)

      This diversity action arises out of defendants Mark Drouillard's and Executive Installations, Inc.'s alleged failure to repay a promissory note to plaintiff TBF Financial, LLC, as successor in interest to Fifth Third Bank. Drouillard is the registered agent for Executive Installations, Inc., a dissolved Michigan corporation with a registered office address at 1225 E. Third St., Monroe, Michigan 48161. The matter has come before the court on plaintiff's *ex parte* motion for alternate service, and to extend the time to serve the summons through Tuesday, September 30, 2014. Federal Rule of Civil Procedure 4(m) provides that "if the plaintiff shows good cause for the failure" to serve the summons within 120 after filing the complaint, "the court shall extend the time for service for an appropriate period." Plaintiff has been unable to serve the defendants despite more than three attempts to effect

-1-

personal service.  Given these circumstances, the court finds good cause exists to extend the 120-day period under Rule 4(m).[1]

Plaintiff also seeks leave of the court for alternate service by affixing the summons and a copy of the complaint on the door of Drouillard's dwelling.  Federal courts follow state law as the guide for serving notice on defendants.  Fed. R. Civ. P. 4(e)(1).  Under Michigan law, alternate service may only be ordered upon "a showing that service of process cannot reasonably be made as [normally] provided."  Mich. Ct. R. 2.105(I)(1).  Plaintiff has submitted an affidavit of a process server which states that he attempted to personally serve Drouillard at his residence on 8363 N. Custer Rd., Monroe, Michigan three times on April 17, 2014, April 18, 2014, and April 26, 2014.  The process server's affidavit further states that, on the third occasion, Drouillard's wife identified herself, informed the process server that Drouillard was not home and that she had no idea when he would return.

Plaintiff has not met its burden in showing at this early juncture that service under the ordinary rules cannot be reasonably made.  As to Drouillard, plaintiff does not claim to have sent the summons and copy of the complaint by registered or certified mail as the ordinary rules for effecting service upon an individual provide pursuant to Mich. Ct. R. 2.105(A)(2).  And Mich. Ct. R. 2.105(D)(4) applies to serving a corporation which has failed to keep up its organization or whose term of existence has expired, allowing a plaintiff to send the summons and a copy of the complaint by registered mail to the corporation's registered office address or to an appropriate corporate officer, and to the Michigan Bureau

---

[1] Although plaintiff requested to extend the time to serve the summons through September 30, 2014, given the court's conclusion below that alternate service is not warranted, the court will extend the period for an additional 60 days.

-2-

of Commercial Services, Corporate Division. Plaintiff does not claim to have followed this procedure in attempting to serve Executive Installations, Inc. In addition, three attempts to serve the defendants "are hardly exhaustive and are therefore insufficient to form the basis for [plaintiff's] requested relief." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. High Line Elec., LLC*, No. 08-CV-11193, 2008 WL 1901318, at *1 (E.D. Mich. April 25, 2008). Accordingly,

IT IS ORDERED that plaintiff's request to extend the time to serve the summons and complaint is GRANTED for an additional 60 days until November 16, 2014.

IT IS FURTHER ORDERED that plaintiff's motion for alternate service (Doc. 6) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the court's order to show cause why the above-entitled case should not be dismissed for failure to prosecute (Doc. 5) is VACATED.

IT IS SO ORDERED.

Dated:  September 17, 2014

             s/George Caram Steeh
             GEORGE CARAM STEEH
             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 17, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk