UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
(SOUTHERN DIVISION)

TBF FINANCIAL, LLC,
an Illinois limited liability company,

    Plaintiff,

vs.

MARC DROUILLARD, an individual,
EXECUTIVE INSTALLATIONS, INC., a
Michigan corporation, the UNITED STATES OF
AMERICA and the STATE OF MICHIGAN, jointly and
severally,

    Defendants.

Case No. 2:14-cv-11495

Hon. George Caram Steeh
Mag. David R. Grand

---

### ORDER GRANTING COURT-APPOINTED RECEIVER'S MOTION TO CONFIRM AND APPROVE MARKETING AND SALES PROCEDURE AND SALE OF RECEIVERSHIP PROPERTY AND CONFIRMING SALE OF PROPERTY

This cause coming to be heard for confirmation and approval of (1) the marketing and sales procedures employed by the Receiver and Broker with respect to the Property and (2) the Receiver's sale of the Property, all parties having received notice and the Court being advised in the Premises:

THE COURT FINDS THAT:

    A.    The Court appointed M. Shapiro Real Estate Group (by its agent Mark S. Kassab) (the "Receiver") as Receiver over certain Receivership Property pursuant to the Order Granting Plaintiff's Post-Judgment Motion for Appointment of a Receiver [Dkt. 21] (the "Receiver Order").

B.      The Receivership Property includes, but is not limited to, certain real estate and improvements located in the City of Monroe, Monroe County, Michigan, as more particularly described in the Receiver Order (the "Property").

C.      The Court has the authority to authorize the public sale of real estate pursuant to 28 U.S.C. §§2001(a) and 2002.

D.      The receivership estate would benefit from a public sale of the Property upon the conditions and in accordance with the procedures set forth in the Receiver Order and the Affidavits of the Receiver and Broker.

E.      Pursuant to Sections 13 and 14 of the Receiver Order, the Receiver is authorized to market and sell the Receivership Property, including the Property.

F.      Pursuant to Section 7 of the Receiver Order, the Receiver is authorized to employ agents or others that it deems appropriate, including a real estate broker.

G.      The Receiver entered into that certain Purchase Agreement for the sale of the Property on February 1, 2016, as amended by that certain First Amendment to Purchase Agreement dated March 10, 2016 (collectively, the "Purchase Agreement"), a copy of which is attached as Exhibit 2 to the Receiver's Motion to Confirm and Approve Marketing and Sales Procedure and Sale of Receivership Property ("Motion").  The Purchase Agreement is subject to the approval of the Court.

H.      Plaintiff has approved the Purchase Agreement.

I.      Based on the Affidavit of Receiver dated May 31, 2016, a copy of which is attached as Exhibit 3 to the Receiver's Motion, all conditions to a sale by the Receiver of the Property have been satisfied.  Specifically:

      a.      The sales shall be for cash or credit bid, unless otherwise authorized by the Court, for an amount subject to the approval of the court.

      b.      The sales approved by the court shall be free and clear of all mortgage interests, security interests and other liens, as applicable, which may be transferred to the net proceeds of sales. No person or entity shall have any redemption rights with respect to any sales effectuated by the Receiver, and any sales shall be final upon entry of an order of the court confirming the same.

J.    The Receiver has determined in its reasonable business judgment that all terms and conditions of the sale set forth in the Purchase Agreement are appropriate.

K.    The marketing and sales procedures employed by the Receiver and the Broker to market and sell the Property comply with and satisfy the public sale and notice requirements set forth in 28 U.S.C. §§2001(a) and 2002.

L.    M. Shapiro and Company is an experienced commercial real estate broker and nationally recognized.

M.    The transfer and sale of the Property as provided in the Purchase Agreement is in the best interests of all parties to this action.

NOW THEREFORE, pursuant to 28 U.S.C. §2001(a), §2002 and Sections 13 and 14 of the Receiver Order, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Receiver's Motion is GRANTED.

2.    The marketing and sales procedures employed by the Receiver and the broker M. Shapiro and Company ("Broker") to market and sell the Property comply with and satisfy the public sale and notice requirements set forth in 28 U.S.C. §2001(a) and §2002 and are CONFIRMED and APPROVED.

3.    The Receiver is authorized to transfer and sell the Property upon the terms and conditions set forth in the Purchase Agreement.

4. The Receiver is authorized to pay all customary costs of sale and customary prorations and adjustments in the manner provided for in the Purchase Agreement.

5. The Receiver is authorized to modify or amend the Purchase Agreement prior to the closing but only if the purchase price of $150,000 is not reduced.

6. Upon receipt of the purchase price (as defined in the Purchase Agreement), the Receiver is authorized to execute and deliver the deed, bill of sale, closing statement and all other documents necessary or desirable to transfer the Property pursuant to the Purchase Agreement, all on behalf of and in the name of Defendant Marc Drouillard.

7. As set forth in Section 15 of the Receiver Order, the "net proceeds of sale" shall be deemed to be the gross sales price of any Receivership Property, less closing costs, sales commissions, and other adjustments approved by the court (the "Net Proceeds of Sale").

8. The Net Proceeds of Sale shall be disbursed first, to the payment of any unpaid fees of the Receiver, out-of-pocket expenses incurred by the Receiver, and other expense of the Receivership, if any, and a reasonable "holdback" for reasonably anticipated post-closing expenses. All remaining Net Proceeds of Sale, after disbursements to the Receiver as set forth above, shall be held by the Receiver pending further order of the Court. The Receiver shall obtain Court approval prior to distributing any Net Proceeds of Sale to Plaintiff.

9. The sale of the Property shall be free and clear of any and all rights of redemption of Defendant Marc Drouillard.

10. The sale of the Property shall be free and clear of all mortgage interests, security interests and other liens, as applicable, which may be transferred to the net proceeds of sales.

11. Any remaining liens on the Property shall attach to the Net Proceeds of Sale.

12. Nothing in this Order shall enlarge or restrict the claims and defenses of any party to this action with respect to the Receivership Property.

13. The Receiver is authorized and directed to file an Affidavit of Sale with the Clerk of the Court within fifteen (15) days of closing and transfer of the Property stating the following with respect to the sale:

   a. The date on which the sale closed.

   b. That the sale complied with the conditions of the Confirmation Order.

   c. The sale price.

14. This Order may be recorded with the Register of Deeds for Monroe County, Michigan.

15. Any title company and its agents may rely upon the provisions of this Order and the Receiver Order in issuing any policy of title insurance.

16. The Order supplements the Receiver Order [Dkt. 21] which remains in full force and effect as modified by this Order.

17. This Order constitutes a "Confirmation Order" and the Court's approval of the sale of the Property as set forth in the Receiver Order and the Purchase Agreement.

18. Accordingly, and pursuant to Federal Rule of Civil Procedure 54(b), the Court expressly determines that there is no just reason for delay and therefore this Order is entered as a FINAL ORDER.

Dated: July 18, 2016

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 18, 2016, by electronic and/or ordinary mail.

                          s/Marcia Beauchemin
                          Deputy Clerk